393 S.E.2d 675

**David E. JONES**

v.

**George T. SIDIROPOLIS, Commissioner, Department of Motor Vehicles.**

**No. 19183.**

Supreme Court of Appeals of West Virginia.

May 18, 1990.

Roger W. Tompkins, Atty. Gen., Andrew Tarr, Asst. Atty. Gen., Charleston, for George T. Sidiropolis.

Melvin V. Kahle, Jr., Wheeling, for David E. Jones.

PER CURIAM:

George T. Sidiropolis, Commissioner of the Department of Motor Vehicles, appeals an order of the Circuit Court of Ohio County, entered on October 25, 1988.[1] The circuit court modified the Commissioner's or-

1. Mr. Sidiropolis appeals as successor to L.W. Bechtold. Jane L. Cline, however, has succeed-ed Mr. Sidiropolis as Commissioner.

der by reducing the period during which David E. Jones' driver's license would be revoked from ten years to six months.

Mr. Jones was arrested for driving under the influence of alcohol in Belmont County, Ohio, on June 2, 1981. Mr. Jones pleaded guilty to the charge, and he was suspended from driving in Ohio for a period of one year.[2] By letter dated October 16, 1981, the West Virginia Department of Motor Vehicles notified Mr. Jones that his license to operate a motor vehicle in the State of West Virginia had been revoked for a period of six months from June 2, 1981, as a result of his arrest for DUI[3] in Ohio.

On October 29, 1986, Mr. Jones was arrested for DUI in Ohio County, West Virginia. The arresting officer filed a written statement with the Department of Motor Vehicles certifying that Mr. Jones had been operating a motor vehicle in this state while under the influence of alcohol. An initial order of revocation dated November 7, 1986, was sent to Mr. Jones revoking his license to operate a motor vehicle for a period of ten years. The revocation order further provided that an administrative hearing would be held upon written request by Mr. Jones.

An administrative hearing was held on April 22, 1987. Taking into consideration both the 1981 and 1986 revocations, the Commissioner entered an order dated September 10, 1987, revoking Mr. Jones' license for a period of ten years pursuant to the provisions of *W.Va.Code*, 17C–5A–2(j)(4) [1986],[4] which relate to the enhancement of administrative sanctions.

Mr. Jones appealed the Commissioner's order on the grounds that his prior conviction in Ohio occurred prior to June 10, 1983,

and could not be used to enhance his penalty under *W.Va.Code*, 17C–5–2(j)(3).[5] This section, however, relates to the enhancement of criminal penalties. The circuit court agreed with Mr. Jones' position, and entered an order on October 25, 1988, reducing the period of revocation from ten years to six months.

The sole issue raised by the Commissioner in this appeal is whether the circuit court should have applied the administrative enhancement provisions of *W.Va.Code*, 17C–5A–2(j)(4). Mr. Jones contends that the Commissioner's reliance upon *W.Va. Code*, 17C–5A–2(j)(4) has a severe retroactive effect, and therefore violates his constitutional safeguards under the *ex post facto* clauses of the *United States Constitution*, article I, section 10, and the *West Virginia Constitution*, article III, section 4.

This Court recently addressed the issue of whether the *ex post facto* clauses of the *United States* and *West Virginia Constitutions* apply to administrative license revocation proceedings in *Shumate v. West Virginia Department of Motor Vehicles*, 182 W.Va. 810, 392 S.E.2d 701 (1990). In *Shumate*, the appellee was arrested for driving under the influence of alcohol on March 8, 1980. He was arrested again for driving under the influence of alcohol on September 19, 1987. However, between his two arrests, the legislature enacted in 1981, *W.Va.Code*, chapter 17C, article 5A, which established provisions whereby the Commissioner of the Department of Motor Vehicles, through administrative proceedings, may revoke a license to operate a

---

2. *See* Ohio Rev.Code Ann. § 4511.19 (Anderson 1990).

3. We will refer to driving a motor vehicle while under the influence of alcohol with the acronym "DUI."

4. *W.Va.Code*, 17C–5A–2(j)(4) [1986] provides:

 Any suspension or revocation on the basis of a conviction under a statute of the United States or of any other state of an offense which has the same elements as an offense described in section two [§ 17C–5–2], article

five of this chapter, or a prior enactment of said section, for conduct which occurred within a period of five years immediately preceding the first day of September, one thousand nine hundred eighty-one[.]

5. *W.Va.Code*, 17C–5–2(j)(3) [1986] provides:

 Any conviction under a municipal ordinance of this state or any other state or a statute of the United States or of any other state of an offense which has the same elements as an offense described in this section, which offense occurred after June tenth, one thousand nine hundred eighty-three[.]

motor vehicle.[6]

 The appellee, in *Shumate*, argued that the application of *W.Va.Code*, 17C–5A–2(j)(2) [1986] resulted in a violation of the *ex post facto* clauses of the *United States Constitution* and the *West Virginia Constitution*. We rejected that argument and explained that the appellee, at the time of the enactment of *W.Va.Code*, 17C–5A–2 [1986], was put on notice that if the Department of Motor Vehicles found that he operated a motor vehicle while under the influence of alcohol, then his license to operate a motor vehicle could be revoked, and that the revocation period could be enhanced pursuant to *W.Va.Code*, 17C–5A–2(j) [1986] for any previous suspension or revocation occurring within a period of five years preceding September 1, 1981. We concluded in syllabus points 2 and 3 of *Shumate:*

> 2. It is not a violation of the *ex post facto* clauses, *U.S. Constitution* art. I, § 10, and *W.Va. Const.* art. III, § 4, to apply the provisions of *W.Va. Code* chapter 17C, article 5A, as amended, to persons whose license to operate a motor vehicle has previously been suspended or revoked pursuant to *W.Va.Code* chapter 17C, article 5, as amended.

> 3. The *ex post facto* clauses of the *United States Constitution*, article I, section 10, and the *West Virginia Constitution*, article III, section 4, do not apply to administrative proceedings for which the purpose is to suspend or revoke a license to operate a motor vehicle.

Here, Mr. Jones first had his license revoked as a result of a DUI violation in Ohio on June 2, 1981, which occurred within a period of five years preceding September 1, 1981, as specified by *W.Va.Code*, 17C–5A–2(j)(4) [1986]. Thus, for the reasons enumerated by this Court in *Shumate*, it was not a violation of the *ex post facto* clauses of the *United States Constitution* and

*West Virginia Constitution* for the Commissioner to revoke Mr. Jones' license for a period of ten years on the basis of the 1981 and 1986 revocations pursuant to *W.Va. Code*, 17C–5A–2(j)(4) [1986].

Accordingly, the judgment of the Circuit Court of Ohio County is reversed, and this case is remanded for imposition of the ten-year administrative sanction originally imposed.

Reversed and remanded.

---

**6.** Under *W.Va.Code*, 17C–5A–2(i) [1986]:

[i]f the commissioner finds by a preponderance of the evidence that the person did drive a motor vehicle while under the influence of alcohol, ... the commissioner shall revoke the person's license for a period of six

months: Provided, That if the commissioner has previously suspended or revoked the person's license under the provisions of this section or section one [§ 17C–5A–1] of this article, the period of revocation shall be ten years[.]